### JOHN LEE v. ORRIN D. LEMERT, et al.

CONSPIRACY TO DEFRAUD; *Liability for Money Borrowed.* Where A. and B. conspire together, A. being irresponsible and B. being the owner of real estate, that B. shall make a formal application to loan brokers for a loan on said real estate, the same being of value and undoubted security therefor, and the loan being one whose accomplishment was reasonably certain, and that A., upon the strength of such application and the promise of the use of the proceeds of such loan, shall seek for and obtain a temporary loan to satisfy a pressing debt of A.'s, and that when the money thus sought has been obtained, then the loan applied for shall be declined, *held*, that the party loaning upon the strength of these acts and representations may hold both B. and A. responsible for the money thus loaned.

#### Error from Chautauqua District Court.

ACTION for the recovery of money, brought by *Lee* against *Orrin D. Lemert* and five others. At the March Term, 1881, the court sustained a general demurrer to the plaintiff's petition, filed by two of the defendants, and dismissed the action as to them. The plaintiff brings this ruling here. The opinion contains a statement of the facts.

*Charles J. Peckham*, for plaintiff in error.

*J. D. McBrian*, and *J. Milton*, for defendants in error Abner Lemert and Leroy Lemert.

The opinion of the court was delivered by

BREWER, J.: The question in this case arises on the ruling of the district court upon a demurrer filed to the petition.

The action was brought by John Lee, plaintiff, against several defendants; but the demurrer was filed by Abner and Leroy Lemert alone, and the issue is between them and the plaintiff. The petition discloses these facts:

That, at the time of the various transactions hereinafter set forth, the said defendant Orrin D. Lemert was, as the late county treasurer of the county of Chautauqua, largely indebted for funds in his hands as such treasurer which it was his duty to pay over to his successor in office, and that he was in default as such treasurer, not having in his possession sufficient moneys to cancel and liquidate such indebtedness; that, on the 18th day of November, 1880, and from that time until December 9, 1880, the said defendant Abner Lemert, who is the father of said Orrin, was, as shown by the records in the office of the register of deeds of said county, the owner of a certain valuable eighty-acre tract of land lying within said county, worth about the sum of $4,000; that the said defendant Leroy Lemert, who is the brother of said Orrin, was however during the period aforesaid the real owner of said land, having in his possession a warranty deed of conveyance for said land, made and executed and delivered to him by said Abner Lemert (together with his wife), more than two years prior to the period aforesaid; that, on or about said 18th day of November, 1880, said Abner Lemert, Leroy Lemert and Orrin D. Lemert agreed together that, for the purpose of procuring funds to apply to the liquidation and satisfaction of the indebtedness aforesaid of the said Orrin D. Lemert, the said lands should be mortgaged for the sum of $1,000, and that said Abner Lemert should in his name endeavor to borrow said sum of $1,000, to be so used and applied, the said Abner giving as security therefor his own promissory note, secured by mortgage upon said land; that, in pursuance of said understanding and agreement, on or about the 18th day of November, 1880, said Abner Lemert made application to Holloway & Osborn, loan agents, doing business at Sedan, in the county aforesaid, to borrow said sum of money upon the security aforesaid, and entered into an agreement in writing with them to take and accept such loan, and execute and deliver to them the security aforesaid, with terms as to interest and time of payment then and there agreed upon, provided said money should be furnished in compliance with said application within the period of fifteen days from the making thereof; and said Abner Lemert did also, upon the 22d day of November, 1880,

make and deliver to said Orrin D. Lemert a certain order in writing, addressed to said Holloway & Osborn, directing them, upon receipt of said moneys, to pay the same to said Orrin D. Lemert; that, on or about the 20th day of November, 1880, said loan having not yet been negotiated by said Holloway & Osborn, and said defendant Orrin D. Lemert, being in pressing need of funds for instant payment upon his indebtedness aforesaid, came to the said plaintiff and informed him of the aforesaid arrangement and agreement for the borrowing of said money, and then and there, for the declared purpose of applying upon his said indebtedness, borrowed and received from said plaintiff the sum of four hundred dollars, promising and agreeing to and with said plaintiff to repay him out of the proceeds of said loan as soon as the same should be received; and said plaintiff, by reason of such representations made to him by said Orrin D. Lemert, and relying upon them and upon the good faith of said Orrin and Abner Lemert, loaned and paid to said Orrin D. Lemert the said sum of four hundred dollars to be used and applied for the purpose aforesaid, and said sum was so used and applied by said Orrin D. Lemert, who on the 25th day of November, 1880, made and delivered to said plaintiff an order in writing addressed to said Holloway & Osborn, directing them to pay to said plaintiff out of the proceeds of said loan as soon as received said sum of four hundred dollars. And plaintiff further avers, that on or about the 1st day of December, 1880, and within said period of fifteen days, said firm of Holloway & Osborn, having negotiated said loan, tendered and offered to pay to said Abner Lemert, or to his order, said sum of one thousand dollars, upon the execution and delivering to them of the note and mortgage by said Abner Lemert in accordance with his said agreement with them; and the said Abner Lemert was then and there advised and informed of the aforesaid transactions and agreements between said plaintiff and said Orrin D. Lemert, and of the appropriation of the aforesaid sum of $400 so borrowed of plaintiff by said Orrin D. Lemert, yet notwithstanding the premises, and contrary to equity and good conscience, said defendant Abner Lemert absolutely and utterly refused to take and accept said loan or any part thereof, or to execute and deliver said promissory note and mortgage.

And plaintiff further avers that in all their acts and doings aforesaid, said defendants Leroy Lemert, Abner Lemert and

8 — 26 KAS.

Orrin D. Lemert conspired and confederated together to cheat, wrong and defraud plaintiff and other persons, and that plaintiff has by reason of such confederation and conspiracy been cheated, wronged and defrauded; that the said agreement between said Leroy, Abner and Orrin D. Lemert, and the said application of said Abner Lemert for said loan, and the said orders in writing given by said Abner and said Orrin were not made and given in good faith, but with the intent to cheat, wrong and defraud as aforesaid; by means whereof plaintiff has been damaged in the sum of eight hundred dollars, no part whereof has been paid by the said defendants, or either of them.

The petition also alleged that said Orrin D. Lemert is irresponsible.

Do the facts as thus stated show a cause of action against Abner and Leroy Lemert? Differing from the view of the learned judge of the district court, we are constrained to think that they do. Stripped of all detail, the petition disclosed these facts: That A. was in pressing need of money to pay an urgent debt; that B., the father of A., was possessed of property; that they agreed together that B. should go through the form of applying to loan agents for a loan on said property, and that upon the strength of that application, and the assurance that it would be perfected, A. should borrow money temporarily to be repaid out of that loan, and when the money thus sought had been obtained, the loan should be refused, and the party left to his single recourse against A. Thus by going through the form of application for a loan, B. gives credit to A., which otherwise he would not have. Perhaps no such representation is made as would subject B. to a criminal prosecution, but if he lends himself to this scheme on the part of A. to obtain money, he becomes civilly liable for the money thus obtained.

Three things may be laid down as essential and sufficient to sustain a charge like that in this petition: First, that a combination or conspiracy is entered upon for the purpose of obtaining money by representations or promises; second, that such representations or promises shall be knowingly untrue in

fact or false in intent, and of such a character that ordinarily prudent men might be misled by them; third, that by means of such representations and promises, money or things of value are in fact obtained. Now by this petition, as to the first or third of these elements there can be no question that money was in fact obtained, and by means of representations and promises which, while having a semblance of truth, were in fact false and deceptive; and we think they are of a character which might deceive an ordinarily prudent man. Representations are made coming from a man of high and responsible position, representations on their face reasonable and probable, representations of arrangements for obtaining money to be used for the repayment of money temporarily sought. And it cannot be said that a man who acts upon the faith of these representations is imprudent or reckless. Yet in fact those representations were made with a fraudulent intent, and while underlying them there is a certain basis of truth as to the things which have been done, yet as to the implications and expectations for the future they were false, and made with the intent to deceive. He who lends himself to a combination and conspiracy of this kind renders himself civilly responsible for all moneys or property thus obtained. He cannot excuse himself by saying that he has made no statement which is not true in letter; the very essence of the wrong in this case is, that upon the basis of things actually done, untrue expectations and promises were aroused and given, so that one acting with ordinary prudence was induced to part with his money. The conspiracy, the intent to cheat, the successful accomplishment of the scheme to obtain money, entitle the party wronged to relief against all the parties to the conspiracy. Of course we express no opinion as to the actual facts, knowing nothing as to the transaction as it will finally appear upon the testimony. All we hold is, that the facts as stated in the petition show a cause of action, and the court erred in overruling a demurrer to this petition.

The judgment of the district court will therefore be re-

versed, and the case remanded to the district court with instructions to overrule the demurrer, and to hold the case for further proceedings.

All the Justices concurring.